UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:
GPS INDUSTRIES, INC.

CASE NO.: 8:09-cv-02536-EAK

_____/

DARRYL CORNISH and CHARLES HUSTON,
Appellants,

v.

GPS Industries, Inc.,
Appellee.

_____/

## APPELLEE'S MOTION TO DISMISS APPEAL

Appellee, GPS Industries, Inc. ("GPS"), by and through its undersigned counsel and pursuant to Rule 8001(a) and Rule 8009 of the Federal Rules of Bankruptcy Procedure, moves to dismiss the appeal filed by the Appellants from the Bankruptcy Court's Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtor's (A) Disclosure Statement Pursuant to Sections 1125 and 1126(b) of the Bankruptcy Code, and (B) Solicitation of Votes and Voting Procedures and (II) Confirming the Debtor's Amended Plan or Reorganization entered on October 2, 2009 (the "Order"), and states the following in support thereof:

1.      Appellee, the debtor, filed a petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on July 31, 2009.   Appellants later filed an objection to the confirmation of debtor's plan of reorganization (the "Plan").   Through the Order, the Bankruptcy Court approved the Plan, which included a release of certain non-debtor parties participating in the reorganization based on Section 105(a) of the Code.   It is from the release of these non-debtor parties under the Order that the debtor took an appeal.

2.    The notice of appeal was filed on October 9, 2009. The docket reflects the fact that the Court entered Appellants' notice of appeal on the docket on December 17, 2009. Appellants filed their designation of record and statement of issues on appeal on October 19, 2009, and filed an amended designation of record and statement of issues on December 10, 2009.

3.    The Court informed the parties that the appeal had been docketed by Notice entered on December 21, 2009, advising the parties to comply with Rule 8009 of the Federal Rules of Bankruptcy Procedure. Appellants' brief was due to be filed on January 4, 2010, under Rule 8009(a) of the Federal Rules of Bankruptcy Procedure which requires appellant to "serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007."

4.    The record does not reflect the filing of a motion by Appellants for enlargement of time, and thus the time has not been enlarged for the filing of such a brief by Appellants. Appellants have failed to timely file a brief on appeal and have signaled their negligence or lack of interest in prosecuting this case.

5.    Rule 8001 of the Federal Rules of Bankruptcy Procedure (a) provides in relevant part that an "appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." An appellant's failure to file an appeal brief is thus not jurisdictional, and a determination to dismiss a bankruptcy appeal requires the exercise of the Court's discretion. In this case, the Appellant has not sought an enlargement of time under the Rules and has failed to comply with a fundamental requirement of prosecuting an appeal.

6.    The proper exercise of discretion in this context has been held to require dismissal upon a showing of bad faith, negligence or indifference. *E.g., In re Beverly Manufacturing Corp.,* 778 F.2d 666, 667 (11th Cir. 1985). Appellee submits that Appellants' failure to comply with the timely filing rules should, at a minimum, be inquired into and that the Appellants be required to show

2

cause for their failure to prosecute this case. *Id.; see Tampa Chain Company, Inc., v. Reichard,* 835 F.2d 54 (2d Cir. 1987).

7.     The Appellants' failure to file the brief on appeal evidences negligence and indifference, and this is a ground for dismissal of a bankruptcy appeal. Accordingly, this appeal should be dismissed for failure to comply with the Federal Rules of Bankruptcy Procedure and for want of prosecution.

WHEREFORE, Appellee respectfully requests that the Court grant this motion to dismiss appeal pursuant to Rules 8001(a) and 8009 of the Federal Rules of Bankruptcy Procedure, that the Court dismiss Appellants' appeal from the Order and that the Court grant such other relief as is just and proper.

Respectfully submitted,

/s/ Richard J. McIntyre
RICHARD J. McINTYRE, ESQUIRE
Florida Bar No. 0962708
rich@mcintyre-lawfirm.com
McIntyre, Panzarella, Thanasides, Eleff &
    Hofmann P.L.
6943 East Fowler Avenue
Temple Terrace, Florida  33617
(813) 899-6059 (Tel.); (813) 899-6069 (Fax)
Attorneys for GPS Industries, Inc.
As Appellee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January, 2010, the foregoing was furnished via the Court's CM/ECF system and/or regular U.S. Mail to: Stephen A. Roberts and Edward Peterson, counsel for Huston & Cornish.

/s/Richard McIntyre
Attorney